**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CLIFTON J. PANEZICH | ) | CASE NO. 4:21-cv-331 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| KEITH FOLEY, Warden, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant, | ) | |
| | ) | |

## I.  Introduction

Petitioner, Clifton Panezich, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Panezich is currently serving his mandatory period of five years post-release control following his prison sentence of six years for his conviction for aggravated theft, telecommunications fraud, forgery, identity fraud, money laundering, and engaging in a pattern of corrupt activity. (ECF No. 8-1, PageID #: 168, Ex. 5). Panezich asserts two grounds for relief. (ECF No. 1). Respondent, State of Ohio, filed a return of writ on June 23, 2021. (ECF No. 8). Panezich, through counsel, filed a traverse on March 21, 2022 (ECF No. 16).

This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Panezich's petition and other case-dispositive motions. Because Panezich presents only not cognizable and meritless claims, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

## II.  Relevant Background

### A.  State Procedural History

1

The Ohio Court of Appeals for the Seventh Appellate District set forth the following

facts[1] and procedural history on direct appeal:

{¶ 2} In late 2015, a single count complaint was filed in Mahoning County Court Number 4 against Appellant. The complaint alleged Appellant engaged in a pattern of corrupt activity in violation R.C. 2923.22, a first-degree felony, from 2010 through 2015. 12/16/15 Complaint. The complaint was filed as a result of a 2013 investigation by the FBI, Canfield Police Department, and other Northeast Ohio police departments. The alleged pattern of corrupt activity was a fraudulent scheme to sell sports memorabilia that was falsely purported to be authentic on platforms such as eBay and PayPal.

{¶ 3} Appellant entered a not guilty plea to the complaint, bond was set, and he was bound over to Mahoning County Common Pleas Court. Following bind over, Appellant waived the time limit for presentation of the matter to the grand jury and waived his speedy trial rights. 6/3/16 J.E.

{¶ 4} In October 2016, Appellant moved to modify the conditions of his bail; he wanted the ability to leave the state of Ohio. 10/3/16 Motion to Modify Bond. Appellant was a resident of Nevada at the time of the complaint. He had previously resided in Ohio and still owned a home in Youngstown, Ohio. The bond set by the county court did not permit Appellant to leave the state of Ohio. Appellant also filed a motion to dismiss alleging speedy trial violations. 10/3/16 Motion to Dismiss. The trial court denied both motions. 10/6/16 J.E.

{¶ 5} The same day as the denial of the motions, the grand jury indicted Appellant. 10/6/16 Indictment. A joint twenty-two count indictment was issued against Appellant, Craig McCormick, and Jason Moore for the alleged fraudulent scheme to sell sports memorabilia on the internet that was falsely purported to be authentic. 10/6/16 Indictment. Counts one through seven and twenty-two were against Appellant. 10/6/16 Indictment. It was alleged the criminal activity for all applicable counts occurred in Mahoning County between 2010 and 2015. Count one alleged Appellant committed aggravated theft, a violation of R.C. 2913.02(A)(3)(B)(1)(2) and R.C. 2913.61, a second-degree felony. 10/6/16 Indictment. Count two alleged Appellant committed telecommunications fraud, a violation of R.C. 2913.05(A)(C), a first-degree felony. 10/6/16 Indictment. Counts three, four, and five alleged Appellant committed forgery in violation of R.C. 2913.31(A)(1)(C)(1)(a)(b), (A)(2)(C)(1)(a)(b) and (A)(3)(C)(1)(a)(b), respectively. 10/6/16 Indictment. All three counts also asserted Appellant violated

---

[1] The facts found by the appellate court of record "shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

R.C. 2913.61. 10/6/16 Indictment. The forgery charges were third-degree felonies. 10/6/16 Indictment. Count six alleged Appellant committed identity fraud in violation of R.C. 2913.49(B)(1)(I)(2), a second-degree felony. 10/6/16 Indictment. Count seven alleged Appellant committed money laundering in violation of R.C. 1315.99(C), a third-degree felony. 10/6/16 Indictment. Count twenty-two alleged Appellant along with McCormick and Moore engaged in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1)(B), a first-degree felony. 10/6/16 Indictment. The indictment also contained a forfeiture specification pursuant to R.C. Chapter 2981. 10/6/16 Indictment.

{¶ 6} The Common Pleas Court then held a bond hearing. The bond issued by the County Court was increased and Appellant was ordered to remain in Ohio. 10/14/16 J.E. Appellant entered a not guilty plea to the indictment. 10/14/16 J.E.

{¶ 7} Appellant filed multiple pretrial motions. He moved for relief from joinder, change of venue, bill of particulars, disclosure of juvenile records of the state's witnesses, permission to submit a detailed jury questionnaire, disclosure of exculpatory and impeachment evidence, the ability to appear in civilian clothing without restraints, copies of the grand jury proceedings, and extension of time to file pretrial motions. 10/26/16 Motions for Relief from Joinder and Bill of Particulars; 11/7/16 Motions for change of venue, disclosure of juvenile records, detailed jury questionnaire, disclosure of exculpatory evidence, permission to appear in civilian clothes without restraints, grand jury transcripts, and extension to file pretrial motions. The trial court overruled the motion for change of venue, grand jury transcripts, and permission to submit detailed jury questionnaire. 11/9/16 J.E.; 11/14/16 J.E.s. The trial court granted the request for disclosure of exculpatory evidence and for extension of time to file pretrial motions. 11/9/16 J.E.s. Appellant was also permitted to appear in civilian clothes, but he was not permitted to appear without restraints. 11/14/16 J.E.

{¶ 8} On December 7, 2016 Appellant filed a motion for a *Kastigar* hearing and to suppress all evidence derived in violation of *Kastigar*. Appellant alleged the state asserted in open court on multiple occasions Appellant confessed. Appellant contended this confession occurred during his January 30, 2015 testimony that was given under "proffered protections." He contended using the statements to indict him was not permissible under the United Stated [sic] Supreme Court decision in *Kastigar v. United States*, 406 U.S. 441 (1971) and Ohio Supreme Court decision in *State v. Conrad*, 50 Ohio St.3d 1, 552 N.E.2d 214 (1990). He implied the statements were used to obtain the grand jury indictment, and accordingly, if the state could not produce evidence from a source other than his proffer, the case must be dismissed. 12/7/16 Motion.

{¶ 9} On December 13, 2016 a plea hearing was held. 12/16/16 J.E. At this hearing, Appellant withdrew "Motion to Suppress." 12/16/16 J.E. The state amended count two of the indictment, telecommunications fraud, from a first-degree felony to a second-degree felony. 12/20/16 J.E. Appellant entered a guilty

plea to the indictment as amended. 12/20/16 J.E. The state agreed to recommend an aggregate sentence of three to seven years. 12/20/16 J.E. It would recommend three years on counts one through seven to run concurrent to each other and to run concurrent to a recommended three to seven year sentence on count twenty-two. 12/20/16 J.E.

{¶ 10} Sentencing occurred on April 11, 2017. The state followed the plea agreement and recommended a sentence between three to seven years. Appellant asked for a lesser sentence of 30 to 37 months, which would have been the sentencing range if the charges were federal charges. In Appellant's sentencing memorandum and the attachments to it, there was an indication that the original plea agreement, which occurred prior to the grand jury indictment, was for the state to recommend a three to seven year sentence. 4/10/17 Defendant's Sentencing Memorandum. Attached to the memorandum was a report from the FBI. That report stated, "Panezich was advised he was being interviewed under proffered protection. Panezich agreed to plead guilty to the State of Ohio charges, further agreeing to a sentencing range of 3 to 7 years. As a condition of Panezich's plea, the Mahoning County Prosecutor's Office would not oppose judicial release for Rose Panezich (Panezich's mother) after 6 month incarceration." 4/10/17 Defendant's Sentencing Memorandum, Exhibit A.

{¶ 11} The trial court sentenced Appellant to an aggregate sentence of six years. 5/10/17 J.E. Appellant received four years for aggravated theft, six years for telecommunications fraud, twenty-four months for each count of forgery, four years for identity fraud, twenty-four months for money laundering, and six years for engaging in a pattern of corrupt activity. All sentences were ordered to run concurrent to each other. 5/10/17 J.E.

*State of Ohio v. Panezich*, No. 17 MA 0087, 2018-Ohio-2812, ¶¶ 2-11 (7th Dist. Ohio June 29, 2018).

## III.    Relevant State Procedural History

### A. Direct Appeal

Panezich filed a timely notice of appeal to the Seventh District Court of Appeals, Mahoning County, Ohio. (ECF No. 8-1, Ex. 6). In his merit brief, Panezich raised the following two assignments of error:

1. Enforcement of Defendant's guilty plea in this action is unconstitutional under both the Fourteenth Amendment Due Process Clause and the Ohio Constitution for the reason the plea was coerced; and

4

2. Enforcement of the Defendant's guilty plea is unconstitutional for the reason the plea was derived through prosecutorial misconduct and the trial Court's failure to conduct a Kastigar hearing.

(ECF No. 8-1, Ex. 7). The State filed a brief in response, (ECF No. 8-1, Ex. 10) and Panezich replied (ECF No. 8-1, Ex. 11). On June 29, 2018, the Seventh District Court of Appeals found both of Panezich's assignments of error meritless and affirmed the judgment of the Mahoning County Court of Common Pleas. (ECF No. 8-1, Ex. 12, Case No. 17 MA 0087); *State v. Panezich,* 2018-Ohio-2812. Panezich filed a motion for reconsideration of the appellate court's June 29, 2018 opinion. (ECF No. 8-1, Ex. 13). The State filed a response in opposition to the application for reconsideration. (ECF No. 8-1, Ex. 14). On August 21, 2018, the appellate court rejected Panezich's application for reconsideration. (ECF No. 8-1, Ex. 15, Case No. 17 MA 0087)

**B.      Appeal to the Ohio Supreme Court**

On October 5, 2018, Panezich, through counsel, filed a timely notice of appeal to the Supreme Court of Ohio. (ECF No. 8-1, Ex. 17). In his memorandum in support of jurisdiction, Panezich set forth the following two propositions of law:

**Proposition of Law I:** Enforcement of Defendant's guilty plea in this action is unconstitutional under both the Fourteenth Amendment Due Process Clause and the Ohio Constitution for the reason the plea was coerced.

**Proposition of Law II:** Enforcement of Defendant's guilty plea is unconstitutional for the reason the plea was derived through prosecutorial misconduct and the trial Court's failure to conduct a Kastigar hearing.

(ECF No. 8-1, Ex. 18). The State filed a waiver of memorandum in response. (ECF No. 8-1, Ex. 19). On November 21, 2018, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). (ECF No. 8-1, Ex. 20, Case No. 2018-1423).

C.      **State Habeas Petition**

Prior to resolving his criminal case, Panezich filed a state petition for writ of habeas corpus in the Seventh District Court of Appeals pursuant to R.C §2725. In his petition and supplemental memorandum in support, Panezich alleged the following issues for relief:

1. He has been denied reasonable bail in violation of his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States constitution, Section 9, 10 and 16, Article I of the Ohio Constitution and Ohio Criminal Rule 46.

2. Reasonable bail has been denied to him on the basis of information unlawfully communicated to the trial court in violation of *Kastigar v. United States*, 406 U.S. 441 (1972) because the trial court was told by counsel for the State of Ohio that Petitioner had confessed to the offenses in to [sic] Indictment, statements which if made at all, which Petitioner does not concede, were made in in connection with a proffer.

(ECF No. 8-1, Ex. 21, at pp. 1-2, Ex. 22). The Respondent moved to dismiss. (ECF No. 8-1, Ex. 23). On November 23, 2016, the Seventh District Court of Appeals dismissed the petition for failing to adhere to the mandatory procedural requirements of R.C. 2969.25(A). (ECF No. 8-1, Ex. 24, Case No. 16 MA 0163). Panezich filed a timely notice of appeal to the Supreme Court of Ohio. (ECF No. 8-1, Ex. 25). Two weeks later, Petitioner filed an application to voluntarily dismiss the appeal, which the Ohio Supreme Court granted. (Exhibits 26-27, Case No. 2016-1738).

D.      **First Petition for Post-Conviction Relief**

On July 23, 2018, Panezich, through counsel, filed a post-conviction petition pursuant to O.R.C. §2953.21, raising the following claim for relief:

1. Mr. Panezich has been convicted of multiple felonies pursuant to a guilty plea obtained through repeated violations and infringement upon his right to Due Process of Law and privilege against self-incrimination, prosecutorial misconduct, and abuse of the Grand Jury.

(ECF No. 8-1, Ex. 28 at p. 1). The State filed a motion for judgment on the pleadings. (ECF No. 8-1, Ex. 29). On August 3, 2018, the trial court overruled Panezich's motion for post-conviction relief without discovery or a hearing. (ECF No. 8-1, Ex. 30, Case No. 16 CR 505).

Panezich, through counsel, timely appealed to the Seventh District Court of Appeals. (ECF No. 8-1, Ex. 31). In his merit brief, Petitioner presented the following five assignments of error:

1. Whether the trial court abused its discretion in failing to grant Appellant's Petition for Post-Conviction Relief when there was credible evidence dehors the record to support a finding of a constitutional violation.

2. Whether the trial court abused its discretion in failing to grant Appellant's Petition for Post-Conviction Relief when there was credible evidence dehors the record to support a finding of prosecutorial misconduct, resulting in Appellant's coercion to plead guilty.

3. Whether the trial court abused its discretion by finding that Appellant did not overcome the res judicata bar with evidence dehors the record.

4. Whether the trial court abused its discretion by refusing to permit postconviction discovery or grant a hearing when there was evidence that the prosecutor was engaged in a pattern of abusing the rights of defendants, the bail system, and the Grand Jury.

5. Whether the trial court abused its discretion by refusing to release Mr. Panezich on bail pending disposition of the Petition for Post-Conviction Relief when the factors in favor of release on bail were overwhelmingly met in this case.

(ECF No. 8-1, Ex. 32). The State filed a brief in response (ECF No. 8-1, Ex. 33), to which Petitioner replied (ECF No. 8-1, Ex. 34). On June 30, 2020, the appellate court found that all five assignments of error lacked merit and affirmed the judgment of the trial court. (ECF No. 8-1, Ex. 35, Case No. 18 MA 0085); *State v. Panezich*, 2020-Ohio-3636.

On August 10, 2020, Panezich, through counsel, filed a timely notice of appeal to the Supreme Court of Ohio. (ECF No. 8-1, Ex. 36). In his memorandum in support of jurisdiction, Petitioner set forth the following two propositions of law:

7

1. The trial court abused its discretion in failing to grant Appellant's Petition for Post-Conviction Relief when there was credible evidence dehors the record to support a finding of a constitutional violation.

2. The trial court abused its discretion by refusing to permit post-conviction discovery or grant a hearing when there was evidence that the prosecutor was engaged in a pattern of abusing the rights of defendants, the bail system, and the Grand Jury.

(ECF No. 8-1, Ex. 37). The State waived its response. (ECF No. 8-1, Ex. 39). On November 24, 2020, the Ohio Supreme Court declined to accept jurisdiction pursuant to S.Ct.Prac.R 7.08(B)(4). (ECF No. 8-1, Ex. 40, Case No. 2020-0984).

### E.   App. R. 26(B) Application to Reopen

Meanwhile, on August 27, 2018, Panezich, pro se, filed an Ohio App. R. 26(B) application to reopen his direct appeal and alleged his appellate counsel was ineffective for failing to raise the following assignment of error:

1. Trial counsel was ineffective for failing to file an affidavit pursuant to ORC 2701.03 to disqualify Judge Sweeney from the case…

(ECF No. 8-1, Ex. 41). The State filed a response in opposition (ECF No. 8-1, Ex. 42), and Panezich replied (ECF No. 8-1, Ex. 43). On October 25, 2018, the Seventh District Court of Appeals found that Panezich failed to show there was a genuine issue that he was deprived of the effective assistance of appellate counsel and denied the application to reopen his appeal. (ECF No. 8-1, Ex. 44, Case No. 17 MA 0087); *State v. Panezich*, 2018-Ohio-4411, ¶1.

Panezich, pro se, timely appealed to the Supreme Court of Ohio. (ECF No. 8-1, Ex. 45). In his memorandum is support of jurisdiction, he set forth the following proposition of law:

1. Appellate counsel was ineffective for failing to argue on appeal that the trial counsel was ineffective for failing to file an affidavit to disqualify Judge Maureen Sweeney, pursuant to ORC 2701.03, from the case based on her conduct.

(ECF No. 8-1, Ex. 46). The State waived its response. (ECF No. 8-1, Ex. 47). On February 6,

2019, the Ohio Supreme Court declined to accept jurisdiction pursuant to S.Ct.Prac.R 7.08(B)(4).

(ECF No. 8-1, Ex. 48, Case No. 2018-1729).

###    F.   Second Post-conviction Petition

On March 23, 2020, Panezich filed second pro se motion for postconviction relief where

he raised the following two grounds for relief:

1. Trial Counsel Squire was ineffective during plea bargaining stages by giving
   the defendant Panezich incorrect advice on a decisive factor which led to him
   rejecting the 4 year and 11 month plea offer.
2. Trial Counsel Squire was ineffective for failing to convey the 5 year plea offer
   to the defendant. The defendant had no knowledge of the 5 year plea offer
   during plea bargaining stages and accepted a 3-7 year deal which led to a 6
   year sentence which is one year more than the five year plea offered by the
   state that trial counsel failed to convey.

(ECF No. 8-1, Ex. 49). On April 17, 2020, the trial court denied Petitioner's amended post-

conviction petition as untimely and res judicata. (ECF No. 8-1, Ex. 50, Case No. 16 CR 505).

On May 7, 2020, Panezich, pro se, filed a notice of appeal to the Seventh Appellate

District Court of Appeals. (ECF No. 8-1, Ex. 51). In his merit brief, Panezich raised three

assignments of error:

1. The trial court committed an error and abused its discretion when it applied res
   judicata to bar the Appellant's post-conviction motion as untimely, whereas a
   conflict of interest deprived the Appellant of having the plea bargain issues
   raised in the initial post-conviction motion. Trial counsel cannot be expected to
   challenge his own ineffectiveness, pursuant to State v Lentz 700 Ohio St. 3d
   527.
2. Trial counsel was ineffective during plea bargaining stages by giving the
   Appellant Panezich incorrect advice on a decisive factor, which led him to
   rejecting the 4 year 11 month plea offer.
3. Trial counsel was ineffective for failing to convey the five (5) year plea offer to
   the Appellant during plea bargaining. Without knowledge of the five year plea
   offer, Appellant accepted a 3-7 year plea deal that led to a six year sentence, a

full year greater than the initial five year offer from the State and never conveyed to Appellant through counsel.

(ECF No. 8-1, Ex. 52). The State filed a response in opposition, (ECF No. 8-1, Ex. 53), to which Petitioner filed a reply (ECF No. 8-1, Ex. 54). On February 25, 2021, the Seventh District Court of Appeals affirmed the judgment of the trial court denying the successive petition as untimely. (ECF No. 8-1, Ex. 55, Case No. 20 MA 0052); *State v. Panezich*, 2021-Ohio-572.

Panezich did not seek further review from the Ohio Supreme Court.

### G. Third Post-Conviction Petition

On June 15, 2020, Panezich, pro se, filed a third petition for post-conviction relief alleging newly discovered evidence consisting of an email from Panezich's trial counsel stating he did not believe that there was a 5-year plea deal offered. (ECF No. 8-1, Ex. 56). On June 19, 2020, the trial court denied Panezich's motion finding the motion was untimely filed and failed to overcome res judicata. (ECF No. 8-1, Ex. 57).

Panezich, pro se, timely filed a notice of appeal to the Seventh District Court of Appeals. (ECF No. 8-1, Ex. 58). In his merit brief, Panezich raised the following two assignments of error

1. The trial court committed error and abused it's [sic] discretion when it applied res judicata to bar the appellant's post conviction motion as untimely, whereas a conflict of interest deprived the appellant of having the plea bargain issued raised in the initial post conviction motion. Furthermore, new evidence has arisen, in the form of an IATC admission by Attorney Percy Squire. Trial counsel cannot be expected to challenge his own ineffectiveness, pursuant to *State v. Lentz* 700 Ohio St. 3d 527, thus a post conviction motion is the only vehicle by which to raise an IATC claim.

2. Trial counsel was ineffective for failing to convey the five (5) year plea offer during plea bargaining stages. Without knowledge of the five (5) year plea offer, Appellant accepted a 3 – 7 year plea deal, that ultimately led to a sentence of six (6) years, a full year greater than the initial five (5) year offer from the state, that was never conveyed to the appellant through counsel.

(ECF No. 8-1, Ex. 59). The State filed a brief in opposition. (ECF No. 8-1, Ex. 60). Panezich responded with a reply brief. (ECF No. 8-1, Ex. 61). On April 1, 2021, the Seventh District Appellate Court affirmed the trial court's judgment denying Panezich's third post-conviction petition as untimely and res judicata. (ECF No. 8-1, Ex. 62, Case No. 20 MA 0077). Panezich failed to seek further appellate review to the Ohio Supreme Court.

## IV. Federal Habeas Corpus Petition

On February 10, 2021, Panezich, through counsel, petitioned that this Court issue a writ of habeas corpus. (ECF No. 1). Panezich asserted the following grounds for relief:

> **GROUND ONE:** Denial of Due Process
>
> Supporting Facts: The trial Court denied Petitioner the opportunity to conduct discovery after it was learned the prosecutor in Petitioner's case was terminated for deceitful conduct, abuse of the grand jury system. and violation of internal office policies in retaliation to Defendant rights. [sic]
>
> **GROUND TWO:** Prosecutorial Misconduct
>
> Supporting Facts: It was learned after Petitioner pleaded that the lead prosecutor in Petitioner's case, at the time he coerced a guilty plea from Petitioner, was engaged in a pattern of deceitful conduct related to grand jury presentations and communications which led to his termination. Had Petitioner known of the prosecutor's serial dishonesty he would not have agreed to plead guilty, because th [sic] plea agreement did not reflect the agreement offered to induce Petitioner's pretrial proffer. Moreover, if the behavior of the Prosecutor had been known to defense counsel a guilty plea would not have been recommended.

(ECF No. 1-1 at 7, 9).

## V. Legal Standards

### A. Timeliness of Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitations for state prisoners to file their federal habeas corpus petitions. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Sexton v. Wainwright*,

968 F.3d 607, 609-10 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 1064 (2021). There is no dispute that Panezich's timely filed his federal habeas corpus petition within the 28 U.S.C. §2244(d) one-year statute of limitations.

### B.     Jurisdiction

Title 28 U.S.C. § 2254(a) authorizes district courts to entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Mahoning County sentenced Panezich, and Mahoning County is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Panezich's § 2254 petition.

### C.     AEDPA Standard of Review

Respondent does not present any procedural defenses to Panezich's grounds for relief. (*See* ECF No. 8 at 12-13 ("Panezich's habeas grounds were fairly presented to the Ohio courts and are available for merit determination by this Court.")). Accordingly, the Court proceeds to review the merits of the grounds raised.

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To determine whether relief should be granted, the Court must use the "look-through" methodology and look to the "last explained state-court judgment" on the petitioner's federal claim. *Ylst*, 501 U.S. at 804 ("The essence of unexplained orders is that they say nothing. We think that a presumption which gives them no effect—which simply 'looks through' them to the last reasoned decision—most nearly reflects the role they are ordinarily intended to play."); *Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The unreasonable application clause requires the state court decision to be more than incorrect or erroneous"—it must be "objectively unreasonable." *Id*.

13

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). A state-court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's … determination." *Rice v. Collins*, 546 U.S. 333, 341-42 (2006). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing 28 U.S.C. § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet… because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA, § 2254(d) is meant only to stop short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id*. at 103. "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state courts decision conflicts with this Court's precedents" and "goes no further." *Id*. Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*.

14

Under 28 U.S.C. § 2254(a), a state prisoner may challenge their custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law … are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."). A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)).

## VI.    Discussion

### A.    Ground One

Ground One raises a "denial of due process" issue stating in support that "the trial Court denied Petitioner the opportunity to conduct discovery after it was learned the prosecutor [sic] in Petitioner's case was terminated for deceitful conduct, abuse of the grand jury system. and violation of internal office policies in relation to Defendant rights. [sic]". (ECF No. 1-1, PageID #: 7). Panezich complains that he "should have been permitted to conduct discovery into the practices of the prosecutor's office in connection with his post-conviction claim that his guilty plea was coerced." (ECF No. 16 at 1-2). Respondent argues that Ground One is not cognizable on habeas review because it raises only an issue of state law violation. (ECF No. 8 at 14-15).

In conducting habeas review, a federal court is limited to deciding "whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (emphasis supplied). The Court will not have jurisdiction over a petitioner's claims for purposes of habeas corpus review if they do not "challenge the legality of his custody" based on a "violation of the Constitution or law or treaties of the United States." 28 U.S.C. §2254. "[H]abeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings." *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001) (rejecting as noncognizable in habeas corpus claim that Ohio's post-conviction scheme fails to provide defendants an adequate corrective process for reviewing claims of constitutional violations) (citing *Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986)), *cert. denied*, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002).

Panezich asserts that his due process was denied because the state court did not allow him discovery in his post-conviction matter. However, the states have no constitutional obligation to provide post-conviction remedies (*see Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)), and denial of a discovery request in a post-conviction matter is generally not cognizable in a habeas corpus proceeding. *See Keene v. Mitchell*, No. 1:00-CV-421, 2004 WL 3325797, at *79 (S.D. Ohio Aug. 25, 2004), aff'd, 525 F.3d 461 (6th Cir. 2008); *Moreland v. Bradshaw*, 635 F.Supp.2d 680, 726–27 (S.D. Ohio Apr. 10, 2009) (holding that habeas claim that trial court erred in post-conviction proceedings by denying discovery request was not cognizable on habeas review); *Reuther v. Bell*, No. 2:08-CV-15118, 2011 WL 222128, at *7 (E.D. Mich. Jan. 24, 2011). Much of Panezich's argument discusses the alleged misconduct of the prosecutor that was purportedly uncovered after Panezich pled guilty. However, Panezich's ground for relief is not founded in a claim tied to such misconduct. Rather, his ground

is focused upon the failure to provide him discovery during his post-conviction proceedings.  As detailed above, this claim is not properly presented in a federal habeas proceeding

Accordingly, Ground One is not cognizable and should be denied.

### B.  Ground Two

In Ground Two, Panezich seems to argue that the prosecutor's misconduct coerced him into pleading guilty, which he would not have done had he known about the prosecutor's history of deceitful conduct. Panezich supports this ground as follows:

> It was learned after Petitioner pleaded that the lead prosecutor in Petitioner's case, at the time he coerced a guilty plea from Petitioner, was engaged in a pattern of deceiful [sic] conduct related to grand jury presentations and communications which led to his termination. Had Petitioner known of the Prosecutor's serial dishonesty he would not have agreed to plead guilty, because th [sic] plea agreement did not reflect the agreement offered to induce Petitioner's pretrial proffer. Moreover, if the behavior of the Prosecutor had been known to defense counsel a guilty plea would not have been recommended.

(ECF No. 1-1, PageID #: 9).

To prevail on habeas review, Panezich must demonstrate that the state court unreasonably applied clearly established Supreme Court precedent or issued a decision that was contrary to said clearly established precedent. 28 U.S.C. § 2254(d). Notably, Panezich, who is represented by counsel, fails to set forth the Supreme Court precedent at issue here; nor does he provide any analysis as to how the state court erred. (*See* ECF No. 16 at 4). Panezich's entire Traverse is dedicated to his argument in Ground One that the state court erred by failing to allow discovery in his post-conviction proceedings. (*See* ECF No. 16).

Despite having raised numerous theories related to coercion and prosecutorial misconduct in his state court proceedings (ECF No. 8-1, Ex. 7), Panezich has not raised those arguments here. Although Panezich titles Ground Two as involving "prosecutorial misconduct", his support for Ground Two appears to be little more than an outgrowth of Ground One. Specifically,

17

Panezich appears to argue that had he obtained the discovery he complains about in Ground One, it would have supported his argument that he was coerced into pleading guilty. As set forth above, the state court's denial of Panezich's request for discovery in post-conviction proceedings is a matter of state law and not cognizable on habeas review. Panezich fails to explain his assertion of "prosecutorial misconduct"; and he fails include any analysis of how the state appellate court erred in its application of clearly established precedent.

Even if the Court construes the petition to include Panezich's earlier arguments of coercion and prosecutorial misconduct, Panezich does not include the necessary arguments to demonstrate that the state court decision was an unreasonable application of or contrary to clearly established federal law. *See Parker v. Matthews*, 132 S. Ct. 2148, 2153 (2012) (petitioner must demonstrate that the state court's decision on this issue "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.") (quoting *Richter*, 562 U.S. at 103). The state appellate court reviewed and rejected each of Panezich's earlier arguments of coercion and prosecutorial misconduct under the appropriate Supreme Court precedent. *See State v. Panezich*, 2018-Ohio-2812, ¶¶ 13-44 (finding that Panezich's plea was free from coercion), ¶¶ 45-48, 59 (finding that the record does not support Panezich's argument that the prosecutor committed misconduct). Here, Panezich fails to present any argument that the state court's decision was contrary to or an unreasonable application of clearly established federal law.

Because Panezich fails to demonstrate that the state court determination of this issue was clearly contrary to or an unreasonable application of Supreme Court precedent, Ground Two is meritless and should be denied.

### C.  Judicial Notice

Panezich asks this Court to take notice of Exhibit A attached to his Traverse. Exhibit A purports to be a motion filed in the Mahoning County Court of Common Pleas in a matter unrelated to the Panezich. (ECF No. 16-1). Exhibit A was prepared by someone other than counsel for Panezich and the parties involved in that matter are not involved here. Respondent did not respond to Panezich's request for the Court to take judicial notice of Exhibit A.

Federal Rule of Evidence 201 allows the Court to take judicial notice of an adjudicative fact "that is not subject to reasonable dispute because it is: (1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a) & (b). Judicial notice of a fact in a civil case, such as this one, is conclusive. *See United States v. Jones*, 580 F.2d 219, (6th Cir. 1978). "Under Federal Rule of Evidence 201(b), a 'court may take judicial notice of at least some documents of public record.'" *Platt v. Bd. of Commissioners on Grievances & Discipline of Ohio Supreme Ct.*, 894 F.3d 235, 245 (6th Cir. 2018) (quoting *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005)). "Such notice, however, is limited: a court may take notice of the documents and what they say, but it '[cannot] consider the statements contained in the document for the truth of the matter asserted.'" *Id.* (quoting *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 467 (6th Cir. 2014)).

Panezich asks the Court to take judicial notice of unspecified facts in a document filed in a civil case pending in another court. The Court will not presume that *any* fact in the document is indisputable and can appropriately be judicially noticed. Panezich's request is simply too broad because he has not identified what adjudicative facts he seeks to be judicially noticed. Additionally, Panezich admits that the document comes from a "highly contentious civil action". (ECF No. 16 at 2). Panezich's request "runs afoul of the rule that notice of public documents is

'proper only for the fact of the documents' existence, and not for the truth of the matters asserted therein.'" *Platt*, 894 F.3d at 245 (quoting *Passa*, 123 F. App'x at 697).

Accordingly, Panezich fails to satisfy the requirements of Fed. R. Evid. 201(b) and his Motion to Take Judicial Notice is denied.

## VII.    Certificate of Appealability

### A.    Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### B.    Analysis

This Court determined that Panezich's grounds for relief are not cognizable and meritless. If the Court accepts the foregoing recommendation, then Panezich has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue a certificate of appealability.

## VIII.   Recommendation

Panezich has presented only not cognizable and meritless claims. Thus, I recommend that

the Court deny his petition in its entirety and not grant him a certificate of appealability.

DATED: January 5, 2024

        *s/Carmen E. Henderson* _____
        Carmen E. Henderson
        United States Magistrate Judge

_____

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).